IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLIED PETROLEUM, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-1453-B |
| § | |
| VERLIN JAMES GRADNEY, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By orders of reference filed September 7, 2017, and November 8, 2017 (docs. 21, 27), before the Court are *Plaintiff's Motion for Entry of Default Judgment and Incorporated Brief in Support*, filed September 5, 2017 (doc. 19), and the defendant's *Motion to Reconsider Order Striking Pleadings*, filed November 7, 2017 (doc. 25). Based on the relevant filings, evidence, and applicable law, the motion to reconsider should be **GRANTED,** and the motion for default judgment should be **DENIED as moot**.

**I. BACKGROUND**

On May 31, 2016, Allied Petroleum, Inc. (Plaintiff) filed this case against Verlin James Gradney (Defendant) and others, alleging breach of contract, violations of the Securities Exchange Act, violations of the Racketeer Influenced and Corrupt Organizations Act, violations of the Texas Securities Act, breach of fiduciary duty, conversion, and civil conspiracy.[1] (doc. 1.) On July 29, 2016, Defendant filed a *pro se* document entitled "Affidavit of Verlin James Gradney, Jr.," in which he responded to the allegations asserted against him in the complaint. (doc. 5 at 1.)[2] This filing was

---

[1] David Gradney, Pacific Asian Holding Foundation, Marco Gabriel Meza, Antonio Yap, and Patrick Y. Lucido were also named as defendants, but were all dismissed without prejudice on September 20, 2016. (docs. 1, 7.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

liberally construed as his. (doc. 18 at n.1.)

The parties submitted a joint status report on October 11, 2016, and a scheduling order was entered the following day that required mediation to be completed by July 7, 2017. (doc. 10.) By order to show cause dated July 19, 2017, the parties were ordered to explain in writing no later than July 24, 2017, "why they have not yet mediated the case or filed an Alternative Dispute Resolution Summary," and they were warned that the failure to do so "may result in sanctions." (doc. 15.) Plaintiff timely answered the order and explained that mediation had not yet occurred because it could not make contact with Defendant to schedule it. (doc. 16 at 2-4.) On July 26, 2017, a second order to show cause was issued to Defendant ordering him to show cause in writing, no later than August 4, 2017, why he failed to respond to the first show cause order, and that "[f]ailure to comply with this Order or otherwise participate in this case will result in sanctions, including the striking of Defendant's pleadings." (doc. 17.) After Defendant failed to respond, his answer was ordered stricken from the record as a sanction for "refus[ing] to participate in this case" (Sanction Order). (doc. 18.)

Plaintiff subsequently filed a motion for default judgment on September 5, 2017, in which it sought $8,000,000.00 as total damages for its claims, pre- and post-judgment interest, and $44,625.00 in attorneys' fees and court costs. (doc. 19 at 14-15.) On September 28, 2017, Defendant concurrently filed a notice of attorney appearance and an agreed motion to extend the deadline for filing a response to the motion for default judgment "until after the Court has entered an order on [the soon-to-be filed] Defendant's Motion to Reconsider."[3] (docs. 23, 24.) On November 7, 2017, Defendant filed a motion to reconsider asking that the Sanction Order be vacated, and that his

---

[3] The agreed motion to extend the deadline for Defendant's response to the motion for default judgment was granted on November 9, 2017. (doc. 28.)

answer be reinstated because his failure to respond to the show cause order was due to an accident and mistake. (doc. 25.)

With a timely filed response and reply, Defendant's motion to reconsider is now ripe for consideration. (docs. 30, 31.)

## II. DEFENDANT'S OBJECTION

Defendant objects to "the facts, timeline, and the exhibit attached to Plaintiff's Response," which is an alleged copy of several e-mails between the parties and the mediator, because they are "not supported by an affidavit or declaration." (docs. 31 at 4, 30-1.)

Under Federal Rule of Evidence 901(a), authentication or identification is a condition precedent to admissibility. This rule does not require conclusive proof of authenticity; it merely requires some evidence sufficient to support a finding that the evidence in question is what the proponent claims it to be. *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993). Some types of evidence are self-authenticating and require no extrinsic foundation for admission. *McIntosh v. Partridge*, 540 F.3d 315, 322 n.6 (5th Cir. 2008).

In its response, Plaintiff includes an "Applicable Timeline" of all the communications between the parties regarding mediation, and it attaches a copy of what purports to be e-mail communications between both parties and the mediator in this suit. (doc. 30-1.) It fails to provide any affidavit or sworn declaration authenticating the exhibit or timeline as evidence, however. (*See* doc. 30.) The copy of the e-mails has also not been shown to be a self-authenticating document, and there is no evidence that the attached copy is a true copy of what it purports to be. *See Recursion Software Inc. v. Interactive Intelligence*, 425 F. Supp. 2d 756, 772 n.8 (N.D. Tex. 2006) ("E-mails (like letters and other documents) must be properly authenticated or shown to be

3

self-authenticating."). Because Plaintiff fails to provide an affidavit or any other means of authentication, Defendant's objection is **SUSTAINED**.[4] *See id.* (noting that an e-mail message was not properly authenticated because "there [was] no evidence in the record that the e-mail was received by Ganyo or anyone at Interactive or that anyone at Interactive had reason to know of its existence").

### III. MOTION TO RECONSIDER

Defendant moves for reconsideration of the Sanction Order because his failure to respond to the show cause orders was a mistake and not due to conscious indifference. (doc. 25.)

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba.*" *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion challenges an interlocutory order, it is considered under Rule 54(b). *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013). The standard for granting motions for reconsideration under Rule 54 "appears to be less exacting than that imposed by Rules 59 and 60." *Colli v. S. Methodist Univ.*, No. 3:08-CV-1627-P, 2011 WL 3524403 at *1 (N.D. Tex. Feb. 14, 2011); *see also Livingston Downs Racing Ass'n*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised

---

[4] Even if Plaintiff's unauthenticated evidence was considered, it would not change the recommended disposition of this motion.

at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Neither Rule 54(b) nor the Fifth Circuit articulates a standard by which to decide whether reconsideration is merited, but a ruling should only be reconsidered where the moving party presents substantial reasons for requesting reconsideration. *Baustian v. Louisiana,* 929 F. Supp. 980, 981 (E. D. La.1996); *Louisiana v. Sprint Commc'n Co.*, 899 F. Supp. 282, 284 (M.D. La.1995). In determining a motion under Rule 54(b), courts in this circuit have looked to the standards of Rule 59(e), including whether reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to prevent manifest injustice, or because of an intervening change in law. *See Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N, 2016 WL 8216509, at *6 (N.D. Tex. July 27, 2016); *SGC Land, LLC v. Louisiana Midstream Gas Serv.*, 939 F. Supp. 2d 612 (W.D. La. 2013); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749-50 (E.D. Tex. 2012). However, when a trial court "rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010) (quoting *Lavespere*, 910 F.2d at 185 (5th Cir. 1994)).

Here, Defendant's answer was stricken as a sanction for his failure to respond to the order to show cause by August 4, 2017.[5] (doc. 18.) He has now offered his own affidavit as evidence explaining why he failed to respond to the show cause order. (doc. 25 at 6-7.) It initially states that he did receive the scheduling order requiring meditation, but it "did not contain any specific order

---

[5] Incorporating Rule 37, Rule 16(f) provides that a court may strike pleadings and dismiss an action in whole or in part for failing to obey a scheduling order. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v); Fed. R. Civ. P. 16(f)(1)( C). The Fifth Circuit has characterized dismissal as a "remedy of last resort," however, because of due process implications. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985).

for the parties to contact the mediator," and he "did not understand" that he had to contact the mediator. (*Id*. at 6.) He explains that he previously received all court documents in this case via mail sent to his business office suite, which was designed as a postal mail drop that he "only need[ed] to check . . . once or twice a month" due to the nature of his business, the "remote distance" of the mail drop, and the small amount of mail he received. (*Id*.) He explains that he checked this postal mail drop "in July prior to [when] the Court's July 19, 2017," order to show cause was delivered, and he "did not check the mail again until early September" after the Sanction Order was entered. (*Id*. at 7.) He further states that he did "not recall ever receiving" any e-mail from Plaintiff or the mediator, and that when he spoke with Plaintiff's counsel, "the subject of mediation was never brought up." (*Id*. at 6.) He did "not realize how much jeopardy [his] defense of this lawsuit was in until early September when [he] checked the mail" and he "realize[s] now [he] should have used [his] home address to receive mail from the Court." (*Id*. at 7.) He has now hired counsel and is "ready, willing, and able" to mediate. (*Id*.)

In response, Plaintiff contends that the Sanction Order is still proper despite Defendant's explanation, and that it should instead be awarded a default judgment on its claims against Defendant in the amount of $8,000,000.00, plus attorney's fees and costs.[6] (docs. 30 at 3-4, 19 at 14-15.) A default judgment, however, is "a drastic remedy, not favored by the Federal Rules, and [is] resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)

---

[6] Plaintiff claims that Defendant was copied on "at least five" e-mails about scheduling the mediation and that Plaintiff's counsel had a phone conversation on "approximately" July 27, 2017, where he "informed Defendant of the deadlines" in the show cause order. (doc. 30 at 2-3.) Plaintiff failed to include a sworn affidavit or other evidence about the alleged phone conversation on July 27, 2017, however, and Defendant included a sworn affidavit in his reply stating that he "had been locked out of his e-mail account for several months and had not received the e-mails from anyone." (doc. 31 at 3-4.) Defendant further states that the phone call actually occurred on August 7, 2017, which was after his deadline to respond to the show cause order, and that Plaintiff's counsel never explained the show cause order during the conversation. (*Id*.) He attached a recording of the phone call to his reply. (docs. 31, 32.)

6

(quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

When analyzed in light of Defendant's new affidavit evidence that was not previously before the Court, as well as the fact that he has hired counsel, the Sanction Order warrants reconsideration and should be vacated because it would act as a "manifest injustice" to now subject him to the "drastic remedy" of default judgment simply due to his mistake and inadvertence made as a *pro se* party.  *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen LLC*, No. SA-08-CA-00190-OLG, 2013 WL 12090354, at *1-2 (W.D. Tex. Feb. 20, 2013) (vacating an order granting sanctions upon reconsideration because "upon reexamination of the evidence in this case, the Court finds that there is some arguable ambiguity that might have given plaintiff a good faith basis for filing its motion to dismiss"); *W. Tech. Servs. Int'l, Inc. v. Caucho Industriales S.A.*, No. 3:09-CV-1033-L, 2010 WL 1848949, at *1-2 (N.D. Tex. May 7, 2010) (vacating a sanction order on reconsideration because it was the "better legal approach . . . not to sanction [the defendant]" and the court was "persuaded that [defendant's] position [in a motion to vacate a preliminary injunction did] not cross the line to violate Rule 11 of the Federal Rules of Civil Procedure" even though it was a "close case").

## IV. RECOMMENDATION

Defendant's *Motion to Reconsider Order Striking Pleadings*, filed November 7, 2017 (doc. 25) should be **GRANTED**, and *Plaintiff's Motion for Entry of Default Judgment and Incorporated Brief in Support*, filed September 5, 2017 (doc. 19), should be **DENIED as moot**. The Sanction Order signed August 8, 2017 (doc. 18), should be **VACATED**, and Defendant's Answer (doc. 5)

7

should be reinstated.[7]

**SO RECOMMENDED this 2nd day of May, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] In the last line of his motion, Defendant asks that the Court "allow his counsel to file an amended answer." (doc. 25 at 5.) This request does not comply with Local Rule 15.1 of the Local Civil Rules for the Northern District of Texas, which provides that when a party files a motion for leave to file an amended pleading, the party must attach the proposed amended pleading as an exhibit. Compliance with the rules of procedure is required of all parties, and leave to amend may be denied for non-compliance. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation). Any motion for leave to amend is **DENIED** without prejudice to filing a motion that complies with the applicable rules of civil procedure and the local rules.